UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STEVE METHENY, et al.,<br><br>Defendants. | No. 2:14-cv-01377-KJM-CMK<br><br><br><br>ORDER |

On July 22, 2015, defendant Matthew John Vassel filed an ex parte application, ECF No. 35, asking the court to continue the hearing on plaintiff's motion for summary judgment, ECF No. 33, until sixty days after the court has resolved his pending motion to dismiss or stay this action, ECF No. 30. Both motions are currently scheduled to be heard on September 3, 2015. *See* Minute Orders, ECF Nos. 32, 37. Plaintiff Houston Casualty Company (HCC) opposes the ex parte application. ECF No. 36.

On December 5, 2013, defendant Vassel brought a civil action against Carson Helicopters, Inc., Carson Helicopter Services, Inc, Steve Metheny, and Levi Phillips. Case No. 2:13-cv-02520-KJM-CMK (the Underlying Action). The Underlying Action arises out of Metheny and Phillips' employment with Carson Helicopters, during which they allegedly falsified data resulting in a helicopter crash on August 5, 2008. Defendant Vassel was injured in

/////

1

1    the helicopter crash.  He alleges that plaintiff Houston Casualty Company (HCC) has a duty to
2    indemnify Carson Helicopters based on vicarious liability.

3               On June 6, 2014, HCC, which insures Carson Helicopters, brought this declaratory
4    relief action against Metheny, Phillips and Vassel.  ECF No. 1.  HCC seeks a declaration that the
5    applicable insurance policy does not provide coverage for the Underlying Action and Metheny
6    and Phillips have stipulated that no coverage exists.  *See generally id.*  Vassel counters that this
7    declaratory judgment action is not yet ripe, because the question of whether HCC has a duty to
8    indemnify Carson Helicopters will arise only 1) if the Underlying Action proceeds to trial; 2)
9    Carson Helicopters is found liable; and 3) Carson Helicopters does not have the funds to cover
10   the judgment.  ECF No. 35 at 9-10.  The Underlying Action has been stayed pending resolution of
11   Metheny and Phillips' criminal proceedings.  With those proceedings now concluded, the court is
12   ordering that the stay of the Underlying Action be lifted.  *See* Case No. 2:13-cv-02520-KJM-
13   CMK, ECF No. 58.[1]

14              Vassel has moved to dismiss or stay this action pending resolution of the
15   Underlying Action; its resolution says Vassel would then present a ripe controversy here.  ECF
16   No. 35.  Rather than directly opposing dismissal or stay, HCC has filed a motion for summary
17   judgment, and now an amended motion, asking the court to decide as a matter of law that HCC is
18   not obligated to indemnify Carson Helicopters based on the policy and applicable law.  ECF Nos.
19   33, 38. Vassel asks the court to continue the hearing on HCC's motion for summary judgment,
20   because there is no need to expend time and resources resolving the coverage issue as it may be
21   settled or mooted by a finding of no liability in the Underlying Action.  *Id*. at 9.  Vassel also
22   argues it would be prejudicial to require him to oppose summary judgment with the stay being
23   lifted in the Underlying Action, and in light of his need to direct his time and resources to
24   resolving that action.  *Id*. at 10.

25              The court finds it is in the interest of judicial economy and efficiency at this time
26   to first resolve the first-filed motion to stay or dismiss rather than entertain simultaneous briefing

---

[1] The court anticipates an order lifting the stay will appear on the docket of Case No. 2:13-cv-02520 within the next day.

1  on two separate sets of motions.  For that reason, the court grants plaintiff's application to the
2  extent it clarifies it will resolve the motion to dismiss or stay first, before hearing the motion for
3  summary judgment.  The court thus vacates and resets hearing on the motion for summary
4  judgment, ECF No. 33, to November 20, 2015, with the briefing schedule controlled by the local
5  rules. The hearing on the pending motion to dismiss or stay remains set for August 21, 2015.
6        SO ORDERED.
7  DATED:  August 5, 2015.

UNITED STATES DISTRICT JUDGE