UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STEVE METHENY, et al.,<br><br>Defendants. | No.: 2:14-cv-01377-KJM-CMK<br><br><br><br>ORDER |

This matter is before the court on plaintiff's request to seal exhibits B and D to the amended declaration of Robert D. Goldberg filed in support of plaintiff's motion for summary judgment. (Pl's. Notice of Req. Seal, ECF No. 39 at 2.) Plaintiff argues those documents "were designated for protection" under the protective order issued by the court in the multidistrict litigation case of *In Re: Helicopter Crash Near Weaverville, California on August 5, 2008*, No. 09-2053. (*Id.*) As explained below, the court DENIES plaintiff's request to seal.

Local Rule 141(a) provides that "[d]ocuments may be sealed only upon written order of the Court." A request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b).

There is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial

1  records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.
2  2006). In determining what standard to apply to a request to seal, the Ninth Circuit distinguishes
3  between non-dispositive and dispositive motions. *Id.* at 1180. Here, plaintiff's request to seal is
4  in connection with its summary judgment motion, which is a dispositive motion.

5  To seal documents filed with a dispositive motion, such as summary judgment, a
6  party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.*
7  That is, the party requesting to seal "must articulate[] compelling reasons supported by specific
8  factual findings . . . that outweigh . . . public interest in understanding the judicial process." *Id.* at
9  1178–79 (internal citation, quotation marks omitted). "In general, 'compelling reasons' sufficient
10 to outweigh the public's interest in disclosure and justify sealing court records exist when such
11 'court files might become a vehicle for improper purposes,' such as the use of records to gratify
12 private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*
13 at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)). "The 'compelling
14 reasons' standard is invoked even if the dispositive motion, or its attachments, were previously
15 filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

16 Here, the court finds plaintiff has not met its burden of satisfying the "compelling
17 reasons" standard. There is nothing in the record to indicate that the issuance of the protective
18 order involved the court's considered application of the "compelling reasons" standard. The
19 presumption of access to court records is not rebutted simply because a court has approved a
20 stipulated discovery phase protective order. *Id.* at 1183. In addition, plaintiff does not point to
21 any authority in support of its request to seal. Hence, plaintiff does not meet the requirement that
22 a party make a particularized showing of "compelling reasons" to seal documents submitted in
23 connection with a dispositive motion.

24 Accordingly, the court DENIES plaintiff's request. If plaintiff wishes to rely on
25 Exhibits B and D, in support of its motion for summary judgment, it must file them on the public
26 docket within seven days.

27 IT IS SO ORDERED.
28 Dated: September 16, 2015.

UNITED STATES DISTRICT JUDGE